UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL WEBB,<br><br>            Plaintiff,<br><br>      vs.<br><br>J. LOPEZ, et al.,<br><br>            Defendants. | 1:14-cv-01846 GSA PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      <u>Screening Requirement</u>**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 4, 2014 (ECF No 5).

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin</u>., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   **Plaintiff's Claims**

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this action against defendant correctional officials employed by the CDCR at Kern Valley. Plaintiff names as defendants Lieutenant Vega, Correctional Officer (C/O) Tangen and C/O Lopez.

This action proceeds on the first amended complaint, filed in response to an earlier order severing Plaintiff's claims from the original multi-plaintiff complaint and directing Plaintiff to file his own claims. Plaintiff's statement of claim is that Defendants failed to lock up cleaning supplies and as a result he was injured. Plaintiff alleges that "directly after the riot, they put us back into a hostile environment with the same attacking latino inmates without my consent." Plaintiff appears to allege facts in addition to those alleged in the original complaint. Plaintiff is advised that once an amended complaint is filed, that complaint supersedes the

original complaint and the Court will not refer to the original complaint in order to make the amended complaint complete. Plaintiff must set forth all of his allegations in an amended complaint.

Further, Plaintiff fails to charge each individual defendant with specific conduct. Plaintiff has not linked Defendants to any acts or omissions that violated Plaintiff's federal rights. Therefore, Plaintiff fails to state claims against them. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.     Conclusion

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to

the prior or superseded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 16, 2015**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE